IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO LP; COMCAST OF DALLAS, LP, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-407 (KAJ) |
| USA VIDEO TECHNOLOGY CORP., | ) ) | |
| Defendant. | ) | |

**THE COMCAST PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
TO USA VIDEO TECHNOLOGY CORPORATION'S COUNTERCLAIM**

Plaintiffs Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano, LP; and Comcast of Dallas, LP (collectively, the "Comcast Plaintiffs") hereby respond to the counterclaim filed by Defendant USA Video Technology Corp. ("USVO") dated August 10, 2006, with the following Answer and Affirmative Defenses.

As an initial matter, since the filing of this action, it appears that as a result of a transaction involving Adelphia Communications Corporation and pursuant to public records, Comcast of Dallas, LP is now listed as "TimeWarner Cable of Dallas, LP," while Comcast of Richardson, LP and Comcast of Plano, LP are listed as inactive. We are in the process of confirming the status of these entities, and have informed counsel for USA Video. In the interim, these answers and affirmative defenses are being asserted by each of the named plaintiffs.

The Comcast Plaintiffs incorporate by reference as if specifically set forth herein the allegations set forth in its complaint dated June 27, 2006.

## ANSWER TO USVO'S COUNTERCLAIMS

The Comcast Plaintiffs respond to the allegations in the numbered paragraphs of USVO's counterclaims as follows:

18,    The Comcast Plaintiffs are without information sufficient to admit or deny the allegations of this paragraph, and on this basis, deny them.

19-22. Admitted, except denied to the extent that the allegations state or are intended to imply that Comcast of Richardson, LP, Comcast of Plano, LP, and Comcast of Dallas, LP are currently active entities.

23    Admitted that USVO purports to assert a claim for patent infringement arising under the laws of the United States of America, 35 U.S.C. § 1 et seq. and that this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 and 28 U.S.C. § 1338(a). To the extent, however, that any of these allegations are intended as a basis for liability as to the Comcast Plaintiffs, they are denied.

24.    Admitted that venue is proper in this court, and denied that "venue is most proper in the United States District Court for the Eastern District of Texas."

25-28. Denied.

29-31. The allegations in paragraphs 29 through 31 of USVO's Answer and Counterclaims contain legal conclusions and/or not directed to the Comcast Plaintiffs and therefore no answer is required.  The allegations in these paragraphs also purport to describe United States Patent No. 5,130,792 (the '792 Patent) and accordingly, the Comcast Plaintiffs refer to the document for its content.  To the extent the allegations contained in these paragraphs contain factual allegations to which a response is required, those allegations are denied.

32.    Denied.

33.    The allegations in paragraph 33 are not directed to the Comcast Plaintiffs and therefore no answer is required, except admit that USVO purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

The Comcast Plaintiffs assert the following defenses to the Counterclaim:

### First Affirmative Defense

On information and belief, the Counterclaim fails to assert a claim for which relief may be granted.

### Second Affirmative Defense

On information and belief, the Comcast Plaintiffs have not directly infringed, contributed to the infringement, and/or actively induced the infringement of any claim of the '792 Patent, nor has it otherwise committed any acts of infringement on any rights of USVO.

### Third Affirmative Defense

On information and belief, the '792 Patent is invalid by reason of having been issued in violation of the United States patent laws, Title 35 United States Code, including violation of Sections 102, 103, 112, 115, and 116 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### Fourth Affirmative Defense

On information and belief, the relief sought by USVO is barred by waiver, laches, acquiescence and/or estoppel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Kenneth J. Nachbar (#2067)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200

OF COUNSEL:

Matthew B. Lehr
Suong Nguyen
Duane Nash
Yiping Liao
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, CA  94025
(650) 752-2000

August 30, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I, Maryellen Noreika, hereby certify that on August 30, 2006, I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

>Richard K. Herrmann
>Morris, James, Hitchens & Williams

I also certify that copies were caused to be served on August 30, 2006 upon the

following in the manner indicated:

>**<u>BY HAND</u>**
>
>Richard K. Herrmann
>Morris, James, Hitchens & Williams
>222 Delaware Avenue
>P.O. Box 2306
>Wilmington, DE  19899
>
>**<u>BY FACSIMILE</u>**
>
>Edward W. Goldstein
>Goldstein, Faucett & Prebeg, L.L.P.
>1177 West Loop South
>Suite 400
>Houston, TX  77027

>*/s/Maryellen Noreika (#3208)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>mnoreika@mnat.com