## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, | ) | |
| LLC, COMCAST OF RICHARDSON, LP; | ) | |
| COMCAST OF PLANO, LP; | ) | |
| COMCAST OF DALLAS, LP, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:06-cv-00407-KAJ |
| | ) | |
| vs. | ) | |
| | ) | |
| USA VIDEO TECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## USVO'S REPLY BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS, STAY OR TRANSFER

Defendant USA Video Technology Corporation ("USVO") files this Reply Brief in Support of its Motion to Dismiss, Stay or Transfer, and respectfully shows the following:

### I.    INTRODUCTION

In the brief Opposition filed by the Comcast Plaintiffs ("Comcast"), they did not actually provide any basis for opposing the dismissal or transfer of the case. Comcast did not address the legal standards set forth in USVO's Motion and did not provide any reasonable argument to support a denial of the Motion.

### II.    ARGUMENT

In its Motion, USVO set forth sufficient facts under the relevant case law to support a dismissal of Comcast's claims or in the alternative a transfer of this case to the Eastern District of Texas. In its Opposition, Comcast provided no substantive argument against the dismissal or transfer of this matter. There is no dispute that the suit brought by USVO in the Eastern District

of Texas is the first-filed case.   Comcast made no argument regarding the first-to-file rule or its applicability to this matter.   Further, Comcast did not address any of the factors considered by courts in determining whether to dismiss or transfer a case in these circumstances.

The only argument raised by Comcast in its Brief is the conclusory statement that the Court in Delaware would be able to conduct this litigation in a more efficient manner because it dealt with the same patent in the prior *Movielink* case. (Comcast Opposition, at p. 2). Without further explanation, Comcast launches into a two page discussion of its non-infringement argument.   Although it is entirely inappropriate for Comcast to set forth its erroneous non-infringement position in its Opposition, USVO nonetheless addresses this argument.

Comcast begins its discussion by mischaracterizing the position USVO set forth in the Brief in support of its Motion.   Comcast states that "USA Video incorrectly argues that this Court's construction of the '792 patent term 'initiates' in the Movielink case 'is not applicable' to this case". (*Id.*).   As USVO makes clear in its Brief, the Court's construction of the term "initiates" is certainly applicable in this case. (USVO Brief, at p. ).   It is not the construction of this term to which USVO refers, instead it is the particular accused products to which that construction applies.   In fact, USVO did not appeal the construction of this term when the *Movielink* litigation was on appeal to the Federal Circuit.   Instead, USVO embraced the Court's construction and applied it in forming its belief that Comcast's digital cable VOD service infringes the '792 patent.

The infringement analysis of Comcast's cable system in this case is completely different and involves a significantly different technology than that involved in the *Movielink* litigation. The Defendant in the prior litigation, Movielink LLC, operates a video-on-demand (VOD) service over the Internet.   In Movielink's system, movies are ordered by the customer and

delivered to the customer's computer over the Internet using the Hyper Text Transfer Protocol (HTTP) and the Transmission Control Protocol (TCP). The grant of summary judgment of non-infringement in the *Movielink* litigation hinged on the particular way that connections are created between computers over the Internet using the HTTP and TCP protocols.

In the present case, Comcast operates a VOD service over its digital cable networks. In a digital cable service, the television content and VOD content is transmitted from Comcast's local facilities, called head-ends, to a cable set-top box in the subscribers' homes. Comcast's VOD service involves completely different technologies than were at issue in the *Movielink* case for creating connections and communicating data between the cable head-ends and the subscribers' set-top boxes.

The '792 patent is clear that the "initiates connections" claim limitation is not necessarily directed to the entity that sets the movie download process in motion (i.e., the user pressing the download button). Instead, the issue is which entity actually creates or begins the connection over which the movie is downloaded. In the Comcast VOD systems, it is the cable head-end that initiates the connection with the subscriber's set-top box over which the movie is downloaded. Comcast provides no explanation or argument on this point.

Accordingly, in addition to Comcast's non-infringement argument being misplaced in this pleading, it is also inaccurate and without merit.

## III.    CONCLUSION

For the reasons delineated above, this Court should stay or dismiss this case in favor of the first-filed patent infringement case in the Eastern District of Texas. Alternatively, this Court should transfer this case under 28 U.S.C. § 1404(a) for resolution in the Eastern District.

Date: September 14, 2006                    _____/s/ Richard K. Herrmann_____
                                           Richard K. Herrmann #405
                                           MORRIS JAMES HITCHENS &
                                                WILLIAMS, LLP
                                           222 Delaware Avenue, 10th Floor
                                           Wilmington, DE  19801
                                           (302) 888-6800
                                           rherrmann@morrisjames.com

                                           Attorneys for Defendant
                                           USA VIDEO TECHNOLOGY CORP.

OF COUNSEL:
Edward W. Goldstein
Corby R. Vowell
Alisa A. Lipski
GOLDSTEIN,  FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737   Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2006, I electronically filed the foregoing document, **USVO'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Kenneth J. Nachbar
Maryellen Noreika
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 14th day of September 2006, the foregoing document was served as indicated on the following:

| **VIA EMAIL AND HAND DELIVERY** | **VIA EMAIL AND FEDERAL EXPRESS** |
| --- | --- |
| Kenneth J. Nachbar | Matthew B. Lehr |
| Maryellen Noreika | Suong Nguyen |
| Morris Nichols Arsht & Tunnell | Duane Nash |
| 1201 N. Market Street | Yiping Liao |
| Wilmington, DE 19801 | Davis Polk & Wardwell |
| | 1600 El Camino Real |
| | Menlo Park, CA  94025 |
| | 650.752.2000 |
| | matthew.lehr@dpw.com |
| | suong.nguyen@dpw.com |
| | duane.nash@dpw.com |
| | yiping.liao@dpw.com |

_/s/ Richard K. Herrmann_
Richard K. Herrmann (I.D. No. 405)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
USA VIDEO TECHNOLOGY CORP.