```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

COMCAST CABLE COMMUNICATIONS,     :
LLC; COMCAST OF RICHARDSON, LP;   :
COMCAST OF PLANO, LP;             :
COMCAST OF DALLAS, LP,            :
                                  :
          Plaintiffs,             :
                                  :
     v.                           : Civil Action No. 06-407-JJF
                                  :
USA VIDEO TECHNOLOGY CORP.,       :
                                  :
          Defendant.              :
```

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant USA Video Technology Corporation's Motion to Dismiss, Stay or Transfer to the Eastern District of Texas, Marshall Division (D.I. 10). For the reasons discussed, the Motion will be granted.

**I. BACKGROUND**

On June 27, 2006, Plaintiffs Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano, LP; and Comcast of Dallas, LP (collectively, "Comcast") filed this action against Defendant USA Video Technology Corp. ("USVO") seeking a declaratory judgment that it has not infringed any claim of United States Patent No. 5,130,792 ("the '792 patent"), and that each claim contained in the '792 patent is invalid and therefore without any force or effect. (D.I. 1.) The Comcast entities are organized under the laws of Delaware with their principal places of business in either Pennsylvania or Delaware. USVO is organized under the laws of Connecticut with its principal place

of business in Connecticut. USVO is the record owner of the '792 patent.

USVO previously filed a patent infringement lawsuit against Comcast in the Eastern District of Texas on June 13, 2006 ("the Texas litigation")[1] alleging that Comcast infringed the '792 patent through its operation of digital cable systems which provide video-on-demand ("VOD") services to subscribers via digital set-top boxes.[2] (D.I. 11 at 2.) The Honorable Ron Clark of the United States District Court for the Eastern District of Texas denied Comcast's motion to transfer USVO's patent infringement lawsuit to the District of Delaware on August 31, 2006. (D.I. 18 at 1.)

## II. DISCUSSION

As a general rule, "where two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference

---

[1] In addition to Comcast, the other defendants to the Texas litigation are: Time Warner Inc.; Cox Communications, Inc.; and Charter Communications, Inc. (D.I 11, Exh. A)(USVO's Complaint filed in the Eastern District of Texas).

[2] Like Comcast, Time Warner Cable, Inc. and Coxcom, Inc. each filed declaratory judgment actions against USVO in the District of Delaware. (D.I. 11 at 2.) On January 2, 2007, the Coxcom litigation was dismissed without prejudice. Time Warner Cable, Inc. v. USA Video Technology Corp., C.A. No. 1:06-cv-00387-SLR. On October 31, 2007, USVO's motion to dismiss Time Warner Cable, Inc.'s complaint was granted on the basis of the first-file rule. Coxcom, Inc. v. USA Video Technology Corp., C.A. No. 1:06-cv-00394-***-MPT.

absent special circumstances." Corixa Corp. v. IDEC Pharm. Corp., 2002 U.S. Dist. LEXIS 2980, at *3- *4 (D. Del. 2002)(citing Genentech v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993)). Thus, the first-file rule dictates that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988). Concerns for national uniformity and the avoidance of dispositive differences among the circuits underlie this rule. Genentech, 998 F.2d at 937.

In the Third Circuit, application of the first-file rule is usually the norm, not the exception, but district courts may exercise discretion in departing from it where exceptional circumstances are presented. E.E.O.C., 850 F.2d at 979. Such circumstances can include "inequitable conduct, bad faith, or forum shopping," E.E.O.C, 850 F.2d at 972, or "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with related litigation, or consideration relating to the real party in interest," Genentech, 998 F.2d at 938. Further, judicial and litigant economy and a comprehensive disposition of litigation are important considerations. See Genentech, 998 F.2d at 937-38. Thus, when a declaratory judgment action in a patent case is brought in good faith, the district

court may decline jurisdiction under the first-file rule if "the same parties and issues are involved in another suit previously begun. . . [and] the questions in controversy between the parties can be better settled and the relief sought by them more expeditiously and effectively afforded than in the declaratory proceeding." Crosly Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474, 475 (3d Cir. 1942); see also Sony Electronics, Inc. v. Orion IP, LLC, 2006 U.S. Dist. LEXIS 9834 at *2- *3 (D. Del. 2006)(dismissing pursuant to the first-file rule a declaratory judgment suit which was filed after a patent infringement action had been filed in another jurisdiction).

USVO contends that the first-file rule is applicable because the Texas litigation involves the same patent, same technology, and same parties. Alternately, USVO requests that this action be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). (D.I. 11 at 1.) In response, Comcast contends that the first-file rule should not apply because this Court can resolve the declaratory judgment action most expeditiously and efficiently. Specifically, Comcast contends that the Court gained familiarity with the '792 patent in the case of USA Video Tech. Corp. v. Movielink, LLC, 354 F. Supp. 2d 507 (D. Del. 2005)[3], and that this familiarity is pertinent given the

---

[3]In Movielink, the Court construed the term "initiates," and in turn, granted Movielink's motion for summary judgment on non-infringement based on allegations of direct literal infringement.

4

similarities between the Comcast and Movielink VOD systems. (D.I. 18 at 3-4.)

It is uncontested that the Texas litigation is the first-filed action, and the Court concludes that sufficient factors do not exist to justify departure from the first-file rule. Although the Movielink litigation involved the '792 patent and was conducted in the District of Delaware, the Court concludes that this factor alone does not justify departing from the first-file rule. Judge Jordan, who presided over Movielink, has been elevated to the United States Court of Appeals for the Third Circuit. Thus, this Court is not substantially more familiar with the '792 patent than the Eastern District of Texas. Further, the Texas litigation is proceeding and the policies of judicial economy and comity among the federal courts weigh against duplicative actions. In sum, the Court finds this declaratory judgment action was brought subsequent to a patent infringement lawsuit in another district which involves the same patent and parties, and that no exceptional circumstances weigh against application of the first-file rule. Accordingly, the Court will grant USVO's Motion to Transfer and deny the Motions to Dismiss or Transfer as moot.

---

354 F. Supp. 2d at 520.

5

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant USA Video Technology Corp.'s Motion to Transfer is **GRANTED**.

April 29, 2008

_____
UNITED STATES DISTRICT JUDGE